# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **Angela Constantine,** | § | |
| | § | |
| Plaintiff, | § | **Civil Action No. 8:22-cv-00820** |
| | § | |
| **v.** | § | |
| | § | |
| **CarGuard Administration, Inc. and** | § | **Jury Trial Demanded** |
| **Auto Services,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

**Angela Constantine** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **CarGuard Administration, Inc. ("CarGuard")** and **Auto Services** (hereinafter collectively referred to as "Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of

- 1 -

all civil actions arising under the laws of the United States. <u>See</u> <u>Mims v. Arrow</u> <u>Fin. Servs., LLC</u>, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.     This Court has personal jurisdiction over Defendants as they regularly and systematically conduct business in the State of California.

4.     Defendant Auto Services maintains its corporate headquarters within the Central District of California at 6789 Quail Hill Parkway, Suite 535, Irvine, CA 92603.

5.     This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

7.     Plaintiff is a natural person who at all times relevant hereto resided in Plano, Texas 75024.

8.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.     Defendant CarGuard is a business entity with its principal place of business, head office, or otherwise valid mailing address at 4901 West 136th Street, Leawood, Kansas 66224.

10.     CarGuard is a "person" as that term is defined by 47 U.S.C. § 153(39).

11.     Defendant Auto Services is a business entity with its principal place of business, head office, or otherwise valid mailing address at 6789 Quail Hill Parkway, Suite 535, Irvine, CA 92603.

12.     Auto Services is a "person" as that term is defined by 47 U.S.C. § 153(39).

13.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

14.     At all times relevant hereto, Defendants worked in concert.

## FACTUAL ALLEGATIONS

15.     At all times relevant hereto, Plaintiff, Angela Constantine owned a cellular telephone, the number for which was (972) XXX-8292.

16.     Ms. Constantine used her cellular telephone for primarily residential purposes.

17.     Plaintiff used that cell phone to communicate with friends and family, order food, listen to music, and other personal and residential purposes.

18.     Plaintiff registered her cell phone number ending in 8292 on the Federal Do Not Call Registry in or around December 17, 2004.

19.     Ms. Constantine registered her cell phone number on the Do Not Call list in order to obtain from invasive and harassing telemarketing calls.

20.     Defendant CarGuard is a nationwide administrator of automotive extended protection plans to consumers, including those sold by telemarketers.

21.     Defendant Auto Services is an automobile warranty company that sells to consumers, *inter alia*, extended automobile warranty plans.

22.     Defendant Auto Services engages in telemarketing in order to solicit business for its warranty plans and services, including plans administered by Defendant CarGuard.

23.     Beginning in or around October 2020, Defendant placed a series of telemarketing calls and text messages to Plaintiff in order to solicit an automobile extended warranty.

24.     Defendant's phone calls utilized an automatically generated and/or pre-recorded voice.

25.     Plaintiff did not consent to receive any calls or texts from Defendant.

26.     Defendant placed at least 14 calls to Plaintiff without her prior express consent.

| Date/Time: | Caller ID: |
|---|---|
| October 19, 2020 10:38 am | (302) 386-3108 |
| October 20, 2020 3:52 pm | (302) 386-3108 |
| October 21, 2020 10:56 am | (302)-386-3108 |

- 4 -

| October 23, 2020 1:48 pm | (214) 480-3839 |
|---|---|
| October 26, 2020 10:35 am | (214) 480-3837 |
| October 27, 2020 9:47 am | (302) 386-3108 |
| October 27, 2020 9:54 am | (302) 386-3108 |
| October 27, 2020 11:23 am | (302) 386-3108 |
| October 27, 2020 12:12 pm | (302) 386-3108 |
| October 27, 2020 3:12 pm | (302) 386-3108 |
| October 27, 2020 3:13 pm | (302) 386-3108 |
| October 27, 2020 4:12 pm | (302) 386-3108 |
| October 27, 2020 5:06 pm | (302) 386-3108 |
| October 28, 2020 9:17 am | (302) 386-3108 |

27.     Upon information and belief, Plaintiff received additional calls from Defendants not included in the above-list.

28.     In order to ascertain the identify of the party making harassing solicitation calls, Plaintiff engaged in dialogue with Defendant's agents.

29.     In an effort to confirm the identity/identities of the call party/parties, on or around October 26, 2020, Plaintiff agreed to purchase a warranty from Defendants.  Plaintiff was continually told that if she purchased the warranty, she would be sent a physical copy of the policy with the company's details contained within.

30.     After Plaintiff purchased the warranty from Defendants, Defendants continued to call Plaintiff to sell her a warranty plan, despite the fact that Plaintiff had purchased one for investigative purposes.

31.     Defendants' continued calls were not made in relation to any business relationship and instead were made for solicitation purposes.

PLAINTIFF'S COMPLAINT

32.     During the call Plaintiff received from Defendants on October 27, 2020 at 3:13 pm, Plaintiff answered the call to determine the purpose of the calls. The agent informed Plaintiff that the call was made for the purpose of selling her an automobile warranty.

33.     During this call, upon the agent's realization that Plaintiff had already purchased a policy, the agent informed Plaintiff that she would be placed on their internal Do Not Call list.

34.     Plaintiff received three more calls following Defendants' agent's declaration that Plaintiff would be placed on their internal Do Not Call list.

35.     Specifically, Plaintiff received in the mail a "Platinum Deluxe Service Contract Application Page" sold by Auto Services and administered by CarGuard Administration, INC.

36.     Shortly after receiving the warranty (which was purchased for investigative purposes only), Plaintiff terminated the contract with Defendants.

37.     After termination of said contract, Defendants continued to place calls to Plaintiff about the warranty.

38.     In addition to terminating the contract and registering the number on the Do Not Call registry, Plaintiff told Defendants' live agents to stop calling.

39.     Plaintiff has learned that none of the Defendants registered to do business as a telemarketer with the Texas Secretary of State, despite the obligation to do so when soliciting business through telemarketing.

40.     As a result of the foregoing, Plaintiff experienced frustrations, annoyance, irritation and a sense that her privacy has been invaded by Defendants.

41.     The foregoing acts and omissions were in violation of the TCPA and Texas Business and Commerce Code.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

42.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

43.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

44.     Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an artificial or pre-recorded voice.

45.     Defendants' calls were not made for "emergency purposes."

PLAINTIFF'S COMPLAINT

46.     Defendants' calls to Plaintiff's cellular telephone were without any prior express consent.

47.     Defendants' contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 17, 2004.

48.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

49.     The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

50.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

51.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to

receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

53.     Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 17, 2004.

54.     Defendants called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

55.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

56.     The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

57.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 of
## THE TEXAS BUSINESS & COMMERCE CODE

58.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59.     Plaintiff received all calls from Defendants in Texas and is entitled to other relief under Texas law.

60.     §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

61.     Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

62.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

[THIS PORTION OF THE PAGE WAS INTENTIONALLY LEFT BLANK]

**Wherefore**, Plaintiff, **Angela Constantine,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

    f.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business and Commerce Code);

    g.    All reasonable attorneys' fees, witness fees, court costs, and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the texas Business and Commerce Code;

    h.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

PLAINTIFF'S COMPLAINT

i.      Any other relief this Honorable Court deems appropriate.

## **<u>DEMAND FOR JURY TRIAL</u>**

**Please take notice** that Plaintiff, **Angela Constantine**, demands a jury trial in this

case.

Respectfully submitted,

Dated: April 15, 2022               By: <u>/s/ Joseph D. Steward, III</u>
                                         Joseph D. Steward, III, Esq.
                                         Kimmel & Silverman, P.C.
                                         30 East Butler Pike
                                         Ambler, PA 19002
                                         Phone: (215) 540-8888
                                         Facsimile: (877) 788-2864
                                         Email: jsteward@creditlaw.com

PLAINTIFF'S COMPLAINT